# IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

TERESA J. HAUSLE,                      )
                                       )
            Plaintiff,                 )
                                       )
v.                                     )  Case No. CIV-13-452-RAW-KEW
                                       )
CAROLYN W. COLVIN, Acting              )
Commissioner of Social                 )
Security Administration,               )
                                       )
            Defendant.                 )

## REPORT AND RECOMMENDATION

Plaintiff Teresa J. Hausle (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or

impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful

work which exists in the national economy. . ." 42 U.S.C.

§423(d)(2)(A). Social Security regulations implement a five-step

sequential process to evaluate a disability claim. *See*, 20 C.F.R.

§§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited

in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries:  first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted).  The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)).  The court may not re-weigh the evidence nor substitute its discretion for that of the agency.  Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight."  Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 14, 1962 and was 50 years old at the time of the ALJ's decision.  Claimant completed her education through the sixth grade.  Claimant has worked in the past as a landscape maintenance worker, laundry worker, waitress/car hop, and

welder's helper.  Claimant alleges an inability to work beginning
September 1, 2010 due to limitations resulting from bipolar
disorder, inability to read well, short term memory loss, asthma,
emphysema, arthritis, bulging discs in the neck and back, high
cholesterol, loss of bladder control, and hand control problems.

## Procedural History

On January 31, 2011, Claimant protectively filed for
supplemental security income pursuant to Title XVI (42 U.S.C. §
1381, *et seq.*) of the Social Security Act.  Claimant's application
were denied initially and upon reconsideration.  An administrative
hearing was conducted by Administrative Law Judge Larry Shepherd
("ALJ") on July 11, 2012 in Oklahoma City, Oklahoma.  The ALJ
issued an unfavorable decision on September 17, 2012.  On August
22, 2013, the Appeals Council denied review.  As a result, the
decision of the ALJ represents the Commissioner's final decision
for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential
evaluation.  He determined that while Claimant suffered from severe
impairments, she retained the RFC to perform light work with
restrictions.

## Error Alleged for Review

4

Claimant asserts the ALJ committed error in failing to properly consider the opinion regarding Claimant's mental functioning impairment of the state agency physician who reviewed her medical record.

### Consideration of Opinion Evidence

In his decision, the ALJ determined Claimant suffered from the severe impairments of degenerative disc disease, emphysema/COPD, borderline intellectual functioning, bipolar disorder, and major depression. (Tr. 20). He concluded that Claimant retained the RFC to perform light work except that she could only occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. She could climb ladders, ropes or scaffolds and was to avoid concentrated exposure to dusts, fumes, gases, odors, and poor ventilation. Claimant could understand, remember, and carry out simple, routine, and repetitive tasks. She could respond appropriately to supervisors, co-workers, and usual work situations, but have occasional contact with the general public. The ALJ determined Claimant could perform low-stress work, defined as occasional decision making and occasional changes in workplace settings. (Tr. 25). After consultation with a vocational expert, the ALJ found Claimant could perform the representative jobs of final inspector, silver wrapper, and collator, all of which the vocational expert

testified existed in sufficient numbers in the regional and national economies. (Tr. 28). Based upon these findings, the ALJ concluded Claimant was not disabled. (Tr. 28-29).

Claimant contends the ALJ failed to properly consider the opinion of Dr. Edith King, a reviewing mental health professional. On May 5, 2011, Dr. King provided a Mental Residual Functional Capacity Assessment on Claimant. She determined Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions and the ability to carry out detailed instructions. (Tr. 465). She also found Claimant was moderately limited in the areas of the ability to remember locations and work-like procedures and the ability to interact appropriately with the general public. (Tr. 465-66). In her narrative statement, Dr. King concluded Claimant could perform simple work-related tasks with routine supervision, relate to peers and supervisors with no apparent difficulty, relate to the general public in low stress, low demand situations, and adapt to a work environment which is low stress. (Tr. 467).

The ALJ stated that he gave the opinions rendered by State Agency medical consultants who evaluated the evidence of record and gave them "great weight" to the extent that the opinions did not conflict with the RFC he had already determined. (Tr. 27). This

latter statement appears to shirk the ALJ's responsibility to consider each medical opinion. In the case of Dr. King, because of the broad brush with which the ALJ painted the opinions of the State Agency reviewing physicians, the ALJ did not reference the marked limitations which Dr. King found in Claimant's mental functioning. The ALJ cannot selectively disregard portions of a medical professional's opinions while giving other portions great weight without providing specific and legitimate reasons for rejecting the disregarded portions. Haga v. Astrue, 482 F.3d 1205, 1207-09 (10th Cir. 2007). In particular, the ALJ did not include a restriction for understanding, remembering, and carrying out detailed instructions while including representative jobs in his step five analysis which required such an ability. The jobs of final inspector (*DOT*, 727.687-054), silver wrapper (*DOT*, 318.687-018), and collator (*DOT*, 653.687-010) required a reasoning level of R2 which require a worker to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." *Dictionary of Occupational Titles*, 726.684-110. As a result, Claimant would be unable to perform any of the jobs identified by the ALJ under Dr. King's assessment of Claimant's mental functioning. On remand, the ALJ shall acknowledge Dr. King's functional findings, assess the weight given to them and providing

7

specific and legitimate reasons for their rejection if he does so, and apply any such restrictions to Claimant's RFC before proceeding to his evaluation at step five.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 5th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE